UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     STEPHEN A. KORFONTA, JR. ) | Case No. 08-16675-SSM |
| ) | Chapter 7 |
|                    Debtor ) | |
| ) | |
| SUNTRUST BANK, N.A. ) | |
| ) | |
|                Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 09-1170 |
| ) | |
| STEPHEN A. KORFONTA, JR ) | |
| ) | |
|               Defendant ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion to dismiss the complaint as having been filed after the applicable bar date. The plaintiff concedes that the complaint was filed after the bar date for dischargeability complaints under § 523, Bankruptcy Code, but seeks to amend the complaint to one objecting to the defendant's discharge under § 727, for which the bar date had been extended  However, since even that date has now expired, the issue is whether the amended complaint would relate back to the date of the original complaint. For the reasons stated, the court concludes that one of the counts in the amended complaint does relate back and is therefore timely.

Background

On October 28, 2008, three creditors filed an involuntary petition against Stephen A. Korfonta ("the debtor") for relief under chapter 7 of the Bankruptcy Code. The debtor did not contest the petition, and an order for relief was entered on January 13, 2009. The initial date set for the meeting of creditors was February 19, 2009. After the trustee resigned, a new trustee was appointed, and the meeting of creditors was rescheduled for March 23, 2009. The notice of the rescheduled meeting, however, advised creditors that the deadline for filing complaints objecting to the discharge of the debtor or to determine the dischargeability of certain debts remained April 20, 2009. On March 27, 2009, the United States Trustee moved to enlarge the time for filing objections to the debtor's discharge. That motion was joined by several creditors, including SunTrust Bank, N.A. ("SunTrust"). Following a hearing, an order was entered on May 6, 2009, extending the time for the United States Trustee, the trustee, and creditors to file "complaints objecting to the discharge of the debtor pursuant to Section 727 of the Bankruptcy Code" to June 29, 2009. On May 29, 2009, the United States Trustee filed a second motion to extend the time to object to the debtor's discharge. Although SunTrust joined in the motion, it did not appear at the hearing, and the order that was entered on June 18, 2009, extended the deadline only for the United States Trustee.

On June 26, 2009, SunTrust filed a complaint seeking a determination that its claim against the debtor in the approximate amount of $7.9 million was excepted from discharge under Sections 523(a)(2), (4), and (6) of the Bankruptcy Code. In response, the debtor filed the motion to dismiss that is currently before the court. SunTrust in turn filed a response opposing the motion and seeking leave to amend the complaint to assert an objection to the debtor's discharge under Sections 727(a)(3) and (4)(C) of the Bankruptcy Code.

Discussion

I.

Discharge and dischargeability, although related concepts, nevertheless raise different issues, are governed by different statutes, and are legally distinct. A discharge cancels the debtor's personal obligation to pay debts that arose prior to the filing of a bankruptcy petition. §§ 524(a), 727(b), Bankruptcy Code. In a chapter 7 case, discharge may be denied on a number of grounds, most of which center on some form of wrong-doing by the debtor (for example concealment of assets, the making or filing of false statements in connection with the bankruptcy case, and willful violation of court orders), but some of which simply reflect policy choices (for example, only individuals, not corporations, are entitled to a discharge, and even individuals are not entitled to a discharge if they received a discharge in a prior case filed within a specified period). § 727(a)(1)-(12), Bankruptcy Code. In a chapter 7 case, a complaint objecting to the debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors. Fed.R.Bankr.P. 4004(a). Although the time for filing such a complaint may be extended for cause, the request for an extension must be filed before the time has run. Fed.R.Bankr.P. 4004(b).

Even if the debtor is granted a discharge, however, the discharge does not extend to certain types of debts. § 523(a)(1)-(19), Bankruptcy Code. Some of the exceptions are grounded in wrong-doing by the debtor, but others, such as the exception for domestic support obligations, certain taxes, and student loan debts, simply reflect policy choices. For many of the exceptions, no action need by taken by the creditor in the bankruptcy case to preserve the non-dischargeable character of the claim, but for certain exceptions, a complaint to determine the dischargeability of the debt must be filed with the bankruptcy court within 60 days of the first date set for the

3

meeting of creditors.  § 523(c)(1), Bankruptcy Code; Fed.R.Bankr.P. 4007(c).  The debts subject to the 60-day deadline are those for fraud, fiduciary defalcation, embezzlement, larceny, and willful and malicious injury to person or property.  § 523(a)(2), (4), (6), Bankruptcy Code.  As with an objection to discharge, the 60-day period may be extended for cause, but only if the request for an extension is filed before the period has expired.  Fed.R.Bankr.P. 4007(c).  Although the Supreme Court has held that the filing period is not jurisdictional and is waived if not timely asserted as a defense, *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), at the same time the deadline is analogous to a statute of limitations which cannot be enlarged for excusable neglect and "is not easily avoided."  *Mann v. CCR Fin. Planning, Ltd. (In re McKoy)*, 211 B.R. 843 (E.D. Va. 1997).

Although the deadline was extended in this case for filing objections to discharge, it was not extended for filing complaints to determine dischargeability.  SunTrust concedes that its dischargeabilty complaint, having been filed after the Rule 4007(c) deadline had expired, is barred, but it asserts that it should be allowed to amend its complaint to assert an objection to discharge based on the same facts, and to have its amended complaint relate back to the filing of the original complaint.  In this connection, Rule 15(a), Federal Rules of Civil Procedure, which is  incorporated by Federal Rule of Bankruptcy Procedure 7015, allows a party to amend its pleading once as a matter of course before being served with a responsive pleading, and thereafter with leave of court, which the court is enjoined to "freely give when justice so requires."   Such an amendment will relate back to the date of the original pleading when, among other conditions, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed.R.Civ.P. 15(c)(1)(B).  Since the extended deadline for filing an objection to discharge had

not yet run at the time SunTrust filed its dischargeability complaint, but has now passed, the question is whether the proposed amendment "asserts a claim . . . that arose out of the conduct, transaction, or occurrence" set forth in the dischargeability complaint so as to relate back.

## II.

The original complaint, which is pleaded in three counts, begins by stating that the adversary proceeding "arises out of the wrongful and fraudulent conduct of the Debtor in diverting loan funds advanced by SunTrust to Seville Homes, LLC ('Seville'),"[1] of which the debtor was "sole member and manager," and further explains, "[b]y way of background," that "SunTrust loaned over $12,000,000 to Seville for the purpose of developing twelve (12) lots of two (2) separate subdivisions of real property," but that "[i]nstead of using the funds for their intended and stated purpose, the Debtor diverted these funds for various other business ventures and/or his personal benefit." Complaint at 1-2. The complaint alleges that SunTrust loaned Seville $9 million in June 2004, with the principal amount being increased to $12,271,764 as a result of amendments made in March and June 2007, and that the debtor is personally liable for those sums based on a guaranty executed in June 2004. *Id*. at ¶¶ 10-11. According to the complaint, the debtor exercised dominion and control over Seville's financial affairs, and his economic interests were aligned with those of Seville. *Id.* at ¶¶ 8-9. SunTrust further alleges that at the time it agreed to make the loan, it justifiably relied on the debtor's written representation that the purpose of the loan was to acquire a seven-lot subdivision and a five-lot subdivision and construct houses on them for resale. *Id*. at ¶¶ 12-13. The complaint alleges—on

---

[1] An involuntary chapter 7 petition was filed against Seville in this court on August 3, 2008 and an order for relief was entered on October 15, 2008. *In re Seville Homes, LLC*, No. 08-14643-SSM.

"information and belief"—that the debtor instead knowingly and intentionally diverted the funds for use on other construction projects and asserts that the debtor has been unable to account for over $1 million of the $10.95 million in financing advanced to Seville, and further had no documentation to support his assertion that over $800,000 was spent on site development costs. *Id*. at ¶¶ 16-17.  The complaint additionally alleges that the debtor issued over $285,000 in checks to himself and to cash from Seville, and that he "has continually refused and has been unable to produce Seville accounting records and bank statements to SunTrust." *Id*. at ¶¶ 18-20.  Based on that conduct, the complaint asserts that the debtor's liability to SunTrust in the amount of approximately $7.95 million is excepted from discharge under §§ 523(a)(2), (4), and (6), as arising from fraud, fiduciary defalcation, and conversion. *Id.* at ¶ 22-37.

The proposed amended complaint contains factual averments that are almost word-for-word identical to those in original complaint, even though many if not most of those averments would be relevant only to the original dischargeability claims.  Amended Complaint ¶ 6-21.  But in place of the three counts asserting nondischargeability under §§ 523(a)(2), (4), and (6), Bankruptcy Code, there are now two counts asserting objections to discharge under §§ 727(a)(4)(C) and (a)(3).  The court will examine each of these in turn.

A.

Section 727(a)(4)(C) of the Bankruptcy Code directs that a discharge shall not be granted if "the debtor, knowing and fraudulently, in or in connection with the case . . . gave, offered, received, or attempted to obtain money, property, or advantage, for acting or forebearing to act." Count I of the amended complaint asserts that the debtor's improper diversion of the loan proceeds and his misrepresentation as to the intended use of the loan proceeds—all of which occurred prior to the filing of the petition—falls within the purview of the cited ground for denial

of discharge. Amended Complaint ¶¶ 24-25. The court does not concur. The cited provision plainly refers to conduct "*in or in connection with the case*," not to prepetition conduct not connected with the administration of the case. Rather the evil at which the provision aims, according to a leading treatise, is bribery and extortion by a debtor in connection with his or her case or the case of an insider. 6 Collier on Bankruptcy, ¶ 727.06 (15th ed. rev. 2008). Because the facts alleged in the original complaint do not even hint at bribery or extortion, Count I—assuming it states a claim for denial of discharge under § 727(a)(4)(C)—does not relate back and is therefore time-barred.

B.

Section 727(a)(3) of the Bankruptcy Code directs that discharge be denied if the debtor "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained." Count II of the amended complaint asserts that the debtor's diversion of the loan proceeds, and his continual refusal or inability to produce accounting records and bank statements to SunTrust with respect to the proceeds, has resulted in the debtor's creditors, including SunTrust, being "unable to ascertain the Debtor's financial condition and business transactions both individually and with respect to Seville." Amended Complaint ¶¶ 29-31.

Having carefully considered the matter, the court agrees with SunTrust that Count II of the amended complaint arises out of the conduct, transaction, or occurrence set out in the original complaint and that Count II therefore properly relates back to the filing of the original complaint on June 26, 2009, which was prior to the extended bar date of June 29, 2009, for creditors to file objections to the debtor's discharge. Although the debtor argues that he will be

7

prejudiced by the amendment because he has limited financial resources to defend a second objection to discharge when he is already having to defend a similar proceeding brought by the United States Trustee,[2] any such prejudice can be addressed by entry of appropriate orders consolidating discovery, and, if appropriate, the trial in the two proceedings.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The complaint filed on June 26, 2009, is dismissed as time-barred.

2. The plaintiff's motion to file an amended complaint is denied with respect to proposed Count I and is granted with respect to proposed Count II.

3. The defendant shall serve and file an answer to Count II of the amended complaint within ten (10) days of the entry of this order.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

---

[2] *McDow v. Korfonta*, No. 08-16675-SSM, A.P. No. 09-01228-SSM.

Copies to:

Mark J. Friedman, Esquire
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209
Counsel for the plaintiff

Lawrence J. Anderson, Esquire
Pels, Anderson LLC
4833 Rugby Avenue
4th Floor
Bethesda, MD 20814
Counsel for the defendant